**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**NORTHEASTERN DIVISION**

| | | |
|---|---|---|
| MARGIE ANDERSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 2:20 CV 87 SPM |
| | ) | |
| CHRISTOPHER HOFFMAN, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER OF REMAND

This matter is before the Court on Plaintiff Margie Anderson's Motion to Remand to the Circuit Court of Randolph County, Missouri. (Doc. 15). In the motion, Plaintiff states that counsel for Defendant has been made aware of the motion and consents to this matter being remanded to the Circuit Court of Randolph County, Missouri. For the following reasons, the motion will be granted, and the case will be remanded to the Circuit Court of Randolph County, Missouri.

### I.   BACKGROUND

On November 30, 2020, Plaintiff brought this action in the Circuit Court of Randolph, County, Missouri, against Defendants Christopher Hoffman and Stan Koch & Sons Trucking, Inc., alleging that Defendants' negligence caused her to suffer bodily injuries in an automobile accident. (Petition for Damages, Doc. 1-1). She did not specify the amount of damages sought. On December 31, 2020, Defendant Stan Koch & Sons Trucking, Inc. (the only defendant who had been served) removed the case to this Court pursuant to 28 U.S.C. §§ 1332(a)(1), 1441, and 1446, alleging complete diversity of citizenship between the parties and alleging that a good-faith estimate of the amount in controversy exceeded $75,000. (Notice of Removal, Doc. 1).

– 1 –

On January 26, 2021, Plaintiff filed the instant motion to remand. In conjunction with her motion, Plaintiff submitted a Stipulation, signed by Plaintiff and Defendant Stan Koch & Sons Trucking, Inc., stating that Plaintiff "irrevocably agrees that the amount of damages claimed in the above titled action is and will forever be less than $75,000, exclusive of interest and cost, and that Plaintiff shall not be entitled to collect more than said amount for any reason whatsoever." (Stipulation, Doc. 16-1). She also agrees that the Stipulation "is binding upon Plaintiff and cannot be rescinded or revoked under any circumstances regardless of any development which may occur, including but not limited to developments that may occur during the investigation, discovery, pre-trial, or trial of this action." (*Id.*) Plaintiff argues that in light of the stipulation she filed, the $75,000 amount in controversy requirement for establishing diversity jurisdiction is not satisfied. Plaintiff also states that Defendant consents to the matter being remanded.

## II.   DISCUSSION

A defendant may generally remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction . . . to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). Under 28 U.S.C. § 1332, the district court has original jurisdiction over an action "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs," and the action is between citizens of different states. § 1332(a). As the party invoking federal jurisdiction, Defendant Stan Koch & Sons Trucking, Inc. bears the burden of establishing by a preponderance of the evidence that federal jurisdiction exists. *Bell v. Hershey Co.*, 557 F.3d 953, 956 (8th Cir. 2009).

The amount in controversy is determined at the time of removal, and subsequent events do not divest the court of jurisdiction after it attaches. *See Schubert v. Auto Owners Ins. Co.*, 649 F.3d 817, 822 (8th Cir. 2011) ("It is axiomatic the court's jurisdiction is measured either at the time the

action is commenced or, more pertinent to this case, at the time of removal."). Thus, "post-removal stipulations and amendments do not generally defeat federal jurisdiction if the amount-in-controversy was satisfied at the time the complaint was filed." *Neighbors v. Muha*, No. 05-472-CV-W-GAF, 2005 WL 2346968, at *3 (W.D. Mo. Sept. 26, 2005) (citing *Halsne v. Liberty Mut. Grp.*, 40 F.Supp.2d 1087, 1091 (N.D. Iowa  1999), & *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U .S. 283, 292-93 (1938)). However, the Court may consider post-removal stipulations and other evidence "as long as the stipulation can be considered as *clarifying* rather than *amending* an original pleading." *Jackson v. Fitness Resource Grp.*, No. 4:12-CV-986-DDN, 2012 WL 2873668, at *2 (E.D. MO. July 12, 2012) (quoting *Ingram v. Procter & Gamble Paper Prods.* Co., No. 4:11-CV-549-CAS, 2011 1564060, at *2 (E.D. Mo. Apr. 25, 2011)).

Several courts within this district have found the amount in controversy requirement not satisfied where the plaintiff submitted a binding, post-removal stipulation limiting damages to less than $75,000 and the stipulation could be considered as clarifying he plaintiff's original pleading. *See Bowen v. LM Gen. Ins. Co.*, 4:19-CV-931, 2019 WL 2372665, at *2 (E.D. Mo. June 5, 2019) (granting motion to remand following plaintiff's filing of an affidavit averring that she would not seek, ask for, or accept, any amount of damages, including attorney fees, in excess of $75,000, exclusive of interests and costs; finding that the affidavit "clarifies the original Petition which did not include a specific prayer of damages in accordance with Missouri state law" and that by filing it, the plaintiff "has established to a legal certainty that her claim for recovery is for less than the jurisdictional amount"); *Ingram,* 2011 WL 1564060, at *2-*3 (granting motion to remand where the state-court petition did not state a specific damages amount sought and the plaintiff submitted an affidavit stipulating that his damages did not exceed and he would not accept an amount greater than $75,000; finding that the plaintiff's affidavit did "not seek to amend his petition, but rather clarify its demands"); *McGuire v. J.B. Hunt Transport, Inc.*, No. 4:10-CV-746-MLM, 2010 WL

2399550, at *4 ("A binding stipulation by affidavit or other binding declaration by plaintiff filed in both state and federal court stating that [plaintiff] does not seek, and will not ask for or accept an amount in damages in excess of $75,000.00, exclusive of interest and costs, protects both plaintiff and defendant and allows the court to find as a matter of law that the amount in controversy *at the time of removal* did not and does not exceed $75,000.00, exclusive of interest and costs.").

Here, as in the cases above, the Court finds that Plaintiff's Stipulation seeks to clarify the amount sought in the original state-court petition, rather to amend the petition. Plaintiff's state-court petition did not state the specific amount of damages sought, and Plaintiff has agreed that "the amount of damages claimed in the above titled action is and will forever be less than $75,000, exclusive of interest and cost." Moreover, the removing defendant, who bears the burden of establishing federal jurisdiction, has signed Plaintiff's Stipulation and consents to the case being remanded. Under the circumstances, the Court concludes that the amount in controversy, at the time of removal, was less than $75,000. Thus, the Court lacks jurisdiction over this action, and Plaintiff's motion to remand will be granted.

### III.   CONCLUSION

For all of the reasons set forth above, this Court lacks jurisdiction over this case. Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff Margie Anderson's Motion to Remand to the Circuit Court of Randolph County, Missouri. (Doc. 15) is **GRANTED**.

**IT IS FURTHER ORDERED** that the scheduling conference set for February 2, 2021 at 11:00 a.m. is **CANCELLED**.

**IT IS FURTHER ORDERED** that this action is **REMANDED** to the Circuit Court of Randolph County, Missouri, from which it was removed.

– 4 –

SHIRLEY PADMORE MENSAH
UNITED STATES MAGISTRATE JUDGE

Dated this 1st day of February, 2021.